UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROBERT R. RUTTY,

                    Plaintiff,

             -against-

JANET NINA ESAGOFF, ESQ., THE
MARGOLIN & WEINREB LAW GROUP,
LLP, GUSTAVIA HOME, LLC, JARED
DOTOLI, BARBARA ENGLE, and
CHARLOTTE BENEDICT,

                    Defendants.

**MEMORANDUM
DECISION AND ORDER**

17 Civ. 1485 (BMC)(VMS)

**COGAN**, District Judge.

Plaintiff Robert R. Rutty, formerly the mortgagor of a residential property in Queens, New York, initiated this action against certain of the individuals and entities involved in a previous court proceeding that led to the foreclosure of his residential property in Queens. The Court granted summary judgment in the prior action in favor of the mortgagee, and the property was sold in foreclosure in March 2017. After the Notice of Sale was posted but before the foreclosure auction, Rutty brought suit under the Fair Debt Collection Practices Act ("FDCPA"), New York General Business Law § 349(a), and New York Penal Law § 105.25, seeking damages and a litany of injunctive relief, including restraining the auction from taking place and referral to the U.S. Attorney for prosecution. Defendants moved to dismiss the complaint, and for the following reasons, the Court grants the motion to dismiss.

**BACKGROUND**

On September 29, 2006, plaintiff executed a note and mortgage in the principal amount of $134,000 and interest to Mortgage Electronic Registration Systems Inc. ("MERS"), as nominee for People's Choice Home Loan, for the residential property located at 217-03 137th

Road, Springfield Gardens, New York 11413 (the "Subject Property"). Pursuant to the terms of the mortgage and note, defendant was required to make monthly payments of principal and interest starting November 1, 2006, until the maturity date. Defendant failed to make his January 2011 payment and has failed to make all subsequent payments.

On November 13, 2015, defendant Gustavia Home, LLC ("Gustavia") took physical possession of the note. On taking physical ownership of the note, Gustavia sent defendant a 90-day notice of default on November 18, 2015. On March 11, 2016, the mortgage was assigned by written assignment from MERS to NPL Capital, LLC, and the note was transferred by a proper allonge. Shortly thereafter on March 28, 2016, the mortgage was assigned from NPL Capital, LLC to Gustavia, and the note was also transferred by a proper allonge. Gustavia is the current owner and holder of the note and mortgage executed by plaintiff Rutty in 2006. Gustavia commenced an action seeking to foreclose on the Subject Property in June 2016 (the "Foreclosure Action"), which this Court presided over. See Gustavia Home, LLC v. Rutty, 16 Civ. 2823 (BMC)(VMS).

Plaintiff Rutty defended the Foreclosure Action *pro se*. By a Memorandum Decision and Order dated January 24, 2017, this Court granted Gustavia's motion for summary judgment. On February 1, 2017, the Court entered a Judgment of Foreclosure and Sale. Thereafter, on March 9, 2017, Gustavia filed a Notice of Sale, indicating that the Subject Property was to be sold on March 30, 2017. The Subject Property was sold at that foreclosure sale.

After the filing of the Notice of Sale, but before the sale, plaintiff filed this action *pro se* against Gustavia, the Margolin & Weinreb Law Group, LLP, which is the firm that represented Gustavia in the Foreclosure Action, Janet Nina Esagoff, Esq., the particular attorney that represented Gustavia, Jared Dotoli, the sole member and manager of Gustavia, Barbara Engle,

the Assistant Vice President of MERS, the entity with which plaintiff executed his mortgage, and

Charlotte Benedict, a notary public (the "defendants"). As to the latter two, Engle was the

individual who assigned the mortgage on March 11, 2016, and Benedict notarized that

assignment.

## DISCUSSION

### I. Collateral Estoppel

Plaintiff brings this action pursuant to the FDCPA, New York General Business Law

§ 349(a), and New York Penal Law § 105.25. Before reaching those claims, the Court observes

that much of plaintiff's complaint is a transparent attempt to relitigate the issues he previously

raised – and lost – in the Foreclosure Action. However, those attempts at relitigation are barred

by collateral estoppel. "The fundamental notion of the doctrine of collateral estoppel, or issue

preclusion, is that an issue of law or fact actually litigated and decided by a court of competent

jurisdiction in a prior action may not be relitigated in a subsequent suit between the same parties

or their privies." Ali v. Mukasey, 529 F.3d 478, 489 (2d Cir. 2008) (quoting United States v.

Alcan Aluminum Corp., 990 F.2d 711, 718-19 (2d Cir. 1993)) (internal quotation marks omitted).

"Accordingly, collateral estoppel applies when: (1) the issues in both proceedings are identical,

(2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a

full and fair opportunity for litigation in the prior proceeding, and (4) the issues previously

litigated were necessary to support a valid and final judgment on the merits." Ali, 529 F.3d at

489 (quoting Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 44 (2d Cir. 1986)). By virtue of the

doctrine of collateral estoppel, plaintiff is precluded from claiming that the foreclosure was

improper, that the assignments were backdated, that certain entities dissolved, and the myriad

other factual issues that this Court had to previously consider in the Foreclosure Action. All of

those issues were actually litigated and actually decided by this Court, as they were necessary for

the Court to consider them in the Foreclosure Action.  Further, plaintiff's arguments that he was

deprived of due process are belied by the Foreclosure Action docket, which demonstrates that

plaintiff had a full and fair opportunity for litigation.  Consequently, the Court cannot revisit

those arguments again – the foreclosure was valid.

## II.    FDCPA

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt

collectors, to insure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect

consumers against debt collection abuses.'"  Vincent v. The Money Store, 736 F.3d 88, 96 (2d

Cir. 2013) (quoting 15 U.S.C. § 1692(e)); see also Benzemann v. Citibank, N.A., 806 F.3d 98,

100 (2d Cir. 2015).  "To accomplish these goals, the FDCPA creates a private right of action for

debtors who have been harmed by abusive debt collection practices."  Benzemann, 806 F.3d at

100 (citing 15 U.S.C. § 1692k).  Importantly, "[t]he relevant provisions of the FDCPA apply only

to the activities of a 'debt collector,'" Schuh v. Druckman & Sinel, L.L.P., 602 F. Supp. 2d 454,

462 (S.D.N.Y. 2009) (citing 15 U.S.C. §§ 1692e, 1692f, 1692g), and "[a]s a general matter,

creditors are not subject to the FDCPA," Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232,

235 (2d Cir. 1998).

To establish a violation under the FDCPA for damages, "(1) the plaintiff must be a

'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect

a consumer debt, [] (2) the defendant collecting the debt is considered a 'debt collector,' and (3)

the defendant has engaged in any act or omission in violation of FDCPA requirements."

Plummer v. Atl. Credit & Fin., Inc., 66 F. Supp. 3d 484, 488 (S.D.N.Y. 2014); see also Jacobson

v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 91 (2d Cir. 2008) ("[The FDCPA] grants a private

right of action to a consumer who receives a communication that violates the Act.").

Plaintiff's FDCPA allegation against Gustavia, Dotoli, Esagoff, and the Margolin & Weinreb Law Group fails for the simple reason that none of the parties are debt collectors under the FDCPA. "The relevant provisions of the FDCPA apply only to the activities of a 'debt collector.'" Schuh, 602 F. Supp. 2d at 462. The statute defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due [to] another." 15 U.S.C. § 1692a(6).

The FDCPA "limits its reach to those collecting the dues 'of another' and does not restrict the activities of creditors seeking to collect their own debts." 1077 Madison St. LLC v. March, No. 14-CV-4253, 2015 WL 6455145, at *3 (E.D.N.Y. Oct. 26, 2015) (citing Maguire, 147 F.3d at 235). Even where an entity acquires a defaulted debt, it is not a debt collector where it does not engage in collection activities or seek to collect on its own behalf rather than "for another." See Izmirligil v. Bank of N.Y. Mellon, No. 11-CV-5591, 2013 WL 1345370, at *4 (E.D.N.Y. Apr. 2, 2013) ("Plaintiff does not allege, nor does he argue in opposition that he can allege, that either BNYM's 'principal purpose' is the collection of debts or that BNYM 'regularly collects' debts owed another. Rather, plaintiff alleges that BNYM is a 'debt collector' simply 'because [BNYM] took an assignment of the alleged debt while the debt was allegedly in default.'"); Pereira v. Ocwen Loan Servicing, LLC, No. 11-CV-2672, 2012 WL 1379340, at *3 (E.D.N.Y. Mar. 12, 2012) ("[I]f the note and mortgage were assigned to Ocwen, then [Ocwen] is not a debt collector as defined by the FDCPA unless the transfer of the debt in default was solely for the purpose of facilitating collection of the debt for another."), report and recommendation adopted, No. 11-CV-2672, 2012 WL 1381193 (E.D.N.Y. Apr. 18, 2012).

Although Gustavia was assigned a defaulted mortgage, it is a "creditor," not a "debt collector" under the FDCPA. Gustavia is not a debt collector because it was not collecting a debt owed to another; rather, it was attempting to collect an obligation owed to it as a creditor. See Book v. Mortgage Elec. Registration Sys., 608 F. Supp. 2d 277, 284 (D. Conn. 2009) ("[A]s a mortgage company, MERS was collecting a debt on its own behalf and thus cannot be fairly characterized as a "debt collector" subject to the FDCPA."); Burns v. Bank of Am., 655 F. Supp. 2d 240, 254 (S.D.N.Y. 2008), aff'd, 360 F. App'x 255 (2d Cir. 2010) ("The [FDCPA] is quite clear that it is directed at independent debt collectors and not creditors attempting to collect on their own debts." (internal quotation marks omitted)); Somin v. Total Cmty. Mgmt. Corp., 494 F. Supp. 2d 153, 160 (E.D.N.Y. 2007) ("There is no question that any activity undertaken by the [mortgagee] was on its own account. As such, it is not a debt collector under the FDCPA."); see also Farber v. NP Funding II L.P., No. 96-CV-4322, 1997 WL 913335, at *4 (E.D.N.Y. Dec. 9, 1997) ("[T]he purchase of defaulted mortgages is not the equivalent of debt collection.").

Although Rutty correctly notes that, in certain circumstances, an entity's purchase of a debt in default can make that entity a debt collector, this conclusion is inapplicable where there is no evidence that the entity is principally involved in debt collection on behalf of another.

As to the role of the law firm and Esagoff, while the Second Circuit has not addressed whether instituting a foreclosure action constitutes debt collection under the FDCPA, see Boyd v. J.E. Robert Co., 765 F.3d 123, 125 n.3 (2d Cir. 2014), the vast majority of courts in this Circuit have found that such an action to enforce an interest in real property does not qualify as a debt collection activity. See, e.g., Carlin v. Davidson Fink LLP, No. 13-CV-6062, 2015 WL 5794250, at *4 (E.D.N.Y. Sept. 30, 2015) ("Because it sought to foreclose on the property, Davidson Fink was not engaging in the collection of a debt as a matter of law."); Derisme v. Hunt Leibert

Jacobson P.C., 880 F. Supp. 2d 311, 325 (D. Conn. 2012) (collecting cases). This Court also finds that Esagoff's and the law firm's action in filing suit was not the action of a debt collector. Consequently, plaintiff's FDCPA claim is dismissed.

### III.    The State Law Claims

Having dismissed plaintiff's lone federal claim, the Court considers whether to exercise supplemental jurisdiction over plaintiff's claims under New York General Business Law § 349(a) and New York Penal Law § 105.25. 28 U.S.C. § 1367(c)(3). Once a district court's discretion is triggered under § 1367(c)(3), the Court balances the traditional "values of judicial economy, convenience, fairness, and comity" in deciding whether to exercise jurisdiction. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). Both the Second Circuit and the Supreme Court have held that, as a general rule, "when the federal claims are dismissed[,] the 'state claims should be dismissed as well.'" In re Merrill Lynch Ltd. P'ships Litig., 154 F.3d 56, 61 (2d Cir. 1998) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). Although the exercise of supplemental jurisdiction is discretionary, in the ordinary case, the balance of factors "will point toward declining jurisdiction over the remaining state-law claims." Id. at 61 (citing Cohill, 484 U.S. at 350 n. 7). As a result, plaintiff's state law claims are dismissed without prejudice

### CONCLUSION

Defendants' motion to dismiss [6] is granted. Plaintiff's FDCPA claim is dismissed with prejudice, and plaintiff's state law claims are dismissed without prejudice. The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

_____

U.S.D.J.

 Dated:    Brooklyn, New York
           May 16, 2017